**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| BRIAN ADONIS ISLER,<br><br>Plaintiff,<br><br>v.<br><br>W. JAMES SIZEMORE, JR., *et al.*,<br><br>Defendants. | Case No. 1:26-cv-122-LAG-ALS |

**ORDER**

I. Recast Pleading

Plaintiff Brian Adonis Isler, an inmate in Ware State Prison in Waycross, Georgia, filed a *pro se* pleading on the form for a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." In the Complaint, Plaintiff generally challenges the criminal conviction for which he is incarcerated. The only named defendants are Judge W. James Sizemore, Jr., District Attorney Plez H. Hardin, District Attorney Lewis R. Lamb, and the Lee County Sheriff's Office. Plaintiff's request for relief asks that he be released from prison or that his sentence be reduced. *Id.* at 2, 5.

If Plaintiff is asserting that he has been unconstitutionally incarcerated and he seeks release from custody, he should have filed a habeas corpus petition under 28 U.S.C. § 2254. A writ of habeas corpus is a state prisoner's sole federal remedy when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, if Plaintiff intended to assert a violation of his civil rights that does not challenge the validity of his conviction, his Complaint would be properly considered as civil rights complaint under 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes"). Moreover, habeas corpus cases and § 1983 actions are mutually exclusive, meaning they cannot be brought together in the same case. Thus, it is necessary for Plaintiff to clarify in this case whether he intended to file a § 1983 civil rights action or a § 2254 habeas petition before this case may proceed.

If Plaintiff wishes to challenge his continued incarceration, he must complete and return the provided habeas corpus petition.[1] Alternatively, if Plaintiff seeks to assert civil rights claims for damages, he should submit a new 42 U.S.C. § 1983 complaint that clearly and concisely explains how he believes his civil rights have been violated.[2]

Plaintiff is **ORDERED** to recast his claims as either a habeas corpus petition or a new civil rights complaint. In doing so, Plaintiff must completely fill out the appropriate form, answering all questions. Plaintiff is not to attach more than ten pages of allegations to his recast pleading.

---

[1] If Plaintiff moves forward with a § 2254 petition, he should be aware that he must have exhausted his state court remedies before he can pursue federal relief, *see* 28 U.S.C. § 2244(b), and that any subsequent § 2254 action may be subject to the restrictions federal law places on "second or successive" § 2254 applications. *See* 28 U.S.C. § 2255(h).

[2] As noted above, habeas corpus is the only federal avenue for challenging the fact or duration of a state prisoner's confinement. Therefore, such a prisoner cannot bring a § 1983 action for damages if success in that action would invalidate his sentence or conviction unless the sentence or conviction in question has previously been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

II. Motion to Proceed *In Forma Pauperis*

Plaintiff has moved for leave to proceed *in forma pauperis* ("IFP"). Doc. 2. The Court reviewed Plaintiff's motion to proceed IFP and finds it is incomplete. A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff failed to submit a certified copy of his trust fund account statement.

Accordingly, Plaintiff is **ORDERED** to submit a proper motion to proceed IFP, which should include a certified copy of his trust fund account statement. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file his new motion to proceed IFP.

III. Motion to Appoint Counsel

Finally, Plaintiff filed a motion to appoint counsel, asserting that he is unable to afford counsel to represent him in this matter. Doc. 11. Regardless of whether this case is a proceeding under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, appointment of counsel is not appropriate at this time.

If this case is considered under § 1983, a district court "may request an attorney to represent any person unable to afford counsel."[3] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole*

[3] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

*v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citations omitted). In determining whether a case presents extraordinary circumstances, the Court considers

> the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

If this case is considered under 28 U.S.C. § 2254, there is also generally no right to appointed legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c). Appointed counsel is also required if the petition is a death row inmate pursuing federal habeas corpus relief. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994). At this stage of the proceeding, it is not clear whether counsel would be needed for discovery or for an evidentiary hearing, Thus, the Court finds no basis to appoint counsel at this time.

Therefore, Plaintiff's motion for appointment of counsel (Doc. 11) is **DENIED**. If it becomes apparent at some point later in these proceedings that counsel should be appointed for Plaintiff, the Court, **on its own motion**, will consider appointing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

IV. Conclusion

As set forth above, if Plaintiff wishes to proceed with this action, he is **ORDERED** to complete either a 28 U.S.C. § 2254 habeas corpus petition or a 42 U.S.C. § 1983 complaint and to file a new motion to proceed *in forma pauperis* with a certified account statement. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his new pleading and motion. Additionally, Plaintiff's motion for appointment of counsel (Doc. 11) is **DENIED**.

Finally, the **CLERK** is **DIRECTED** to forward Plaintiff a 42 U.S.C. § 1983 complaint form, a 28 U.S.C. § 2254 petition for a writ of habeas corpus, and a motion to proceed *in forma pauperis* with the appropriate account certification form along with his

service copy of this order (with the civil action number showing on all). Plaintiff is instructed that he must notify the Court in writing of any change in his address, and his failure to do so may result in the dismissal of this case. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action. There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 13th day of October, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE